Rodríguez, Peticionario, *v.* Campillo, Juez de la Corte de Distrito de San Juan, Demandado.

Recurso de *certiorari* interpuesto contra el Hon. Luis Campillo, Juez de la Corte de Distrito de San Juan, Sección Primera.

. No. 278.—Resuelto en mayo 4, 1920.

Certiorari Pedido por Quien no es Parte en el Pleito.—Para que la Corte Suprema revise procedimientos por auto de *certiorari* cuando la solicitud es hecha por persona que no ha sido parte en el pleito, precisa que los hechos del caso sean muy extraordinarios y en el presente caso no lo son.

Certiorari—Síndico—Actuaciones del Síndico.—Cuando la sindicatura obstaculizare los derechos de una persona extraña podrá ésta pedir a la corte de origen que se le oiga *pro interesse suo* y sus derechos serán protegidos contra cualquiera intervención injusta.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. F. Soto Gras.*

Abogado del demandado: *Sr. José de Guzmán Benítez.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Entre el caso que acabamos de decidir, *Esteban Masson Dávila* v. *Hon. Luis Campillo,* y el que ahora nos toca considerar y resolver, ambos sobre *certiorari,* no hay más diferencia que la de ser distintos los peticionarios, pues en uno y otro caso se trata de anular procedimientos sobre nombramiento de síndico en el pleito pendiente ante la Corte de Distrito de San Juan, Sección Primera, por Carolina Wolkers contra Esteban Masson Dávila, sobre liquidación y reclamación de bienes gananciales.

Los hechos han sido expuestos en la opinión que funda-menta nuestra decisión en el primer caso de *certiorari* expresado.

En el presente caso alega sustancialmente el peticionario Ramón Rodríguez, para impugnar el nombramiento de síndico, que posee algunos de los bienes que son objeto de la sindicatura en concepto de arrendatario y otros a título de dueño; que la Corte de Distrito de San Juan, Sección Primera, carece de jurisdicción sobre él por no haber sido

citado ni tenido intervención en la solicitud de nombramiento de síndico; que no es parte en el pleito sobre liquidación y reclamación de bienes gananciales ni tampoco en la solicitud sobre nombramiento de síndico; que la corte expresada le ha privado de sus derechos de propiedad sin el debido procedimiento de ley, y que carece de otro remedio rápido, adecuado y eficaz para revisar la orden sobre nombramiento de síndico y evitar la violación de sus derechos y los perjuicios consiguientes a la ejecución de dicha orden.

Las anteriores alegaciones no abonan la solicitud del auto de *certiorari* y para ello nos basta reproducir la doctrina que ya establecimos en el caso de *Delgado* v. *La Corte de Distrito de Mayagüez*, 8 D. P. R. 507. Entonces dijimos:

"La objeción principal para que se conceda este auto es que no consta que el peticionario tratara de intervenir alguna vez en los procedimientos establecidos contra sus pupilos, ni ha tratado ella por ningún otro procedimiento en la Corte de Distrito de Mayagüez, de proteger los alegados derechos de aquellos de quienes ella dice tiene la representación. * * * Esta Corte en el caso de *Arsenio L. Arpin* v. *El Juez Ramos* decidió en 3 de abril de 1905 que la corte no concederá un auto de certiorari cuando haya un remedio sencillo y adecuado en el curso ordinario de la ley. Además debe ser un caso muy extraordinario que autorice a esta Corte para revisar procedimientos cuando la solicitud para tal revisión sea hecha por una persona que no haya sido parte en el pleito. * * * Si los procedimientos son nulos y de ningún valor o defectuosos por falta de verdaderas partes, la parte que se encuentra en peligro debido a los procedimientos ilegales y defectuosos, debe ejercitar su acción y no esperar que la corte más alta de la isla venga en su auxilio."

Ramón Rodríguez no ha practicado gestión alguna en la corte inferior para defender sus derechos que estima conculcados, como podía haberlo hecho, y las circunstancias del caso no son tan extraordinarias que autoricen a esta corte a intervenir en el mismo.

Cuando la sindicatura obstaculizare los derechos de una persona extraña podrá ésta pedir a la corte de origen que

se le oiga *pro interesse suo* y sus derechos serán protegidos contra cualquiera intervención injusta. "High on Receivers," páginas 20–21.

Por las razones expuestas procede desestimar la solicitud de *certiorari,* anular el auto expedido y devolverse el pleito original a la Corte de Distrito de San Juan, Sección Primera, a los fines procedentes.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.